565 So.2d 1361 (1990)
JESUS P. Jesus, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2507.
District Court of Appeal of Florida, Fourth District.
July 5, 1990.
Rehearing Denied September 19, 1990.
Richard L. Jorandby, Public Defender and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by Jesus P. Jesus from his conviction for sexual battery of a child and from his sentence to a term of life imprisonment with a mandatory minimum term of 25 years. We affirm.

EVIDENCE
Proof was submitted at trial that on November 6, 1988, Highway Patrol Trooper Harry Coates, while travelling westbound on West Farms Road in Indiantown, observed a small boy run out of the bushes on the side of the road. The boy signaled Coates and said "my butt, my butt," and other things in Spanish. Coates saw Jesus emerge on a bicycle from the bushes and stopped him. Don Martinez, a truck driver who frequently acts as a Spanish translator *1362 for the Martin County Sheriff's office, was dispatched to the scene. Martinez testified that the boy said that a man offered him some money to go into the woods, and that when he did, the man pushed him to the ground, dropped down his pants, and used a stick on him.
The boy was taken to Martin Memorial Hospital. Dr. Jose Serra said that the boy complained that his butt hurt. The boy told Dr. Serra that a man gave him money to go into the woods with him, and when he did, the man pushed him down, laid on top of him, and put a stick in his butt. Dr. David Melzer also saw the boy and testified that there was some evidence of bleeding from the boy's rectum. Daniel Nippes, a criminalist, testified that he analyzed some of the boy's clothes, and that there was a small quantity of seminal fluid on the crotch area of the boy's underwear and on the seat of his shorts, and fecal residue on the seat of his shorts.
Officer John Silvas, who speaks Spanish, interviewed Jesus at the Martin County Jail. Jesus told Silvas that he was twenty two years old and was born on July 10, 1966. Jesus said that the boy asked him for money, and he admitted to Silvas that he took the boy into the woods, knocked him down and tried to pull his pants off, but that he did not do anything more.
The boy testified at trial that Jesus offered him money to go into the woods and when he did, Jesus pulled off his pants and put his "thing" in his butt. At the time of the trial, the boy was nine years old.

ADMISSION OF APPELLANT'S STATEMENTS
Jesus claims that the trial court erred in admitting into evidence his statements to others. He asserts that the statements were not voluntary or admissible since he had a difficult time understanding the Spanish spoken to him, since he spoke a Guatemalan version of Spanish, and since he had only a low level of education.
Patricia Richey, a certified federal interpreter, testified that she had a difficult time communicating with Jesus at first, although it got easier. She said that Jesus used words that she did not understand and that she had to explain words to him in common Spanish. For instance, she said that Jesus did not know the difference between the Spanish words for lawyer and judge.
On the other hand, Officer Silvas said that Jesus used words that were familiar to him as ordinary Spanish, and never used words that were of a different dialect. He said that Jesus never indicated that he did not understand a question and that he responded appropriately to his questions. Silvas stated that Jesus indicated that he knew the meaning of the word "abogado" which is Spanish for lawyer. When he read Jesus his Miranda rights, Silvas said that Jesus indicated that he understood. Silvas said that Jesus spoke freely and voluntarily with him.
Martinez also testified that Jesus indicated that he understood him when he read him his Miranda rights in Spanish, pursuant to the request of a police officer. He said that Jesus responded in the same ordinary type of Spanish in which he was questioned. Like Silvas, Martinez said that Jesus never indicated that he did not understand what was being asked of him and that he responded appropriately to each question. The trial court ruled:
On the statement taken, the subsequent statement taken by detective Silvas I'm going to deny the motion because I believe that the Detective went through if not all of the requirements of Miranda, certainly the substantial ones. And that the tape and the transcript indicated that he responded yes to them. And I believe that that is sufficient showing in the record for a knowing and intelligent understanding decision to speak. And there's also  even on the transcript there's a portion that says that we should talk. I believe that the Detective said that what he said at that point was okay or something to that effect. The transcript says, "we should talk." The Detective said that what he said in effect okay we need to talk. So I find that he was adequately and sufficiently informed of his rights during the Silvas interview *1363 and that he knowingly and intelligently waived his rights after being informed and spoke with the Detective. So that one will not be suppressed, but the Martinez statement will be.
The State must demonstrate the voluntariness of a Miranda waiver by a preponderance of the evidence. Balthazar v. State, 549 So.2d 661 (Fla. 1989). Although the State's burden in proving voluntariness is heavier when a defendant claims a language barrier, the standard of proof remains the same. Balthazar. In the instant case, although the evidence is conflicting, the trial court's ruling was supported by much of the evidence outlined above. Because it was the proper duty of the trial to resolve the conflict, we find no error by the trial court in admitting the statements.

MOTION FOR JUDGMENT OF ACQUITTAL
Jesus contends that the state improperly relied on his statement in establishing his age for purposes of section 794.011(2), Florida Statutes[1] and, accordingly, that the state failed to present a sufficient corpus delicti, or prima facie case, without use of the statement. The trial court ruled that the appellant's age was not an element of the crime of sexual battery but was a factor to consider as part of the sentence for that crime.
In discussing the concept of corpus delecti in State v. Allen, 335 So.2d 823, 824, n. 2 (Fla. 1976), the supreme court stated:
"The Latin phrase means literally `The body of the crime.' It is regularly used in appellate decisions to mean the legal elements necessary to show that a crime was committed."
(emphasis supplied).
See also Drysdale v. State, 325 So.2d 80 (Fla. 4th DCA 1976); McQueen v. State, 304 So.2d 501 (Fla. 4th DCA 1974), cert. denied, 315 So.2d 193 (Fla. 1973).
Section 794.011(1)(h) defines the crime of "sexual battery" as oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by an object. According to that section, the offender's age is not an element of the crime of sexual battery. Section 794.011 refers to a person's age only in prescribing the means by which an offender should be punished. Thus, the trial court was correct in its reasoning in denying the motion of judgment of acquittal.

ADMISSION OF THE CHILD VICTIM'S STATEMENTS
The trial court permitted Martinez and Serra to testify as to what the boy told them right after the incident pursuant to the hearsay exception set out in section 90.803(23), Florida Statutes:
Hearsay exception; statement of child victim of sexual abuse or sexual offense against child.
(a) Unless the source of information or method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less, describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
(1) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, *1364 and any other factor deemed appropriate, and
(2) The child either:
(a) Testifies; or
(b) Is unavailable as a witness, ...
Before admitting the child's out-of-court statements, the trial court found:
All right. All right. I'm going to find that based upon the testimony presented that the hearsay statements are of sufficient reliability to allow them to come in under the exception rule. And I find that the Defendant's has  Defendant has pointed out problems with clothing and so on, but according to Trooper Coates the victim entered the woods, indicated that something was wrong with his butt and pointed to the Defendant. And the Defendant was standing in the woods and the Defendant was the appre  appre  either  either  was either apprehended at that time or at least was placed into temporary custody. So as far as reliability as to who  as to testimony as  by the victim as to who was the perpetrator of this I don't think there's any  any problem there with that reliability. I also find that for the testimony of the doctor and Mr. Martinez and Trooper Coates as to his butt that his butt hurt and a stick or something being placed in his butt. I find that is reliable and is consistent and it's also reliable. So based upon the testimony and those findings by the Court the Court's going to rule that the hearsay statements can come in under Florida Statute 90.803(23). All right. Anything further as to this hearing?
In Perez v. State, 536 So.2d 206 (Fla. 1988), the supreme court held that section 90.803(23) comports with the requirements of the confrontation clauses of both the federal and Florida constitutions since it calls for specific findings of reliability and since it mandates that either the child testify or be unavailable. These requirements were all met here. In Distefano v. State, 526 So.2d 110 (Fla. 1st DCA 1988), the court held that an out-of-court account of a sexual offense given by a child victim was admissible under section 90.803(23) in view of evidence that the child was emotionally affected by the incident and that she reported it to her mother a few minutes after it occurred.
Jesus argues that the findings are insufficient because they only address the reliability, and not the time and circumstances, of the statements. However, we believe the trial court's findings do encompass the "time, content, and circumstances" of the boy's statements. The trial court averred to Coates' testimony concerning what the boy said to him when he stopped him. It mentioned that Jesus was at the scene when the boy approached Coates. It indicated that the content of the boy's statements was consistent with other facts in the case, such as the clothes analysis. The trial court also noted the circumstances of the case and pointed out that the boy made virtually the same statements to Coates, Martinez and Serra.

CRUEL AND UNUSUAL PUNISHMENT
Finally, Jesus contends that under the circumstances of this case a sentence of life imprisonment with a minimum mandatory term of 25 years is unconstitutionally disproportionate to the harm he caused. In his brief, counsel for Jesus asserts:
Appellant contends that the residual and sole mandatory LIFE sentence with a twenty-five (25) year mandatory minimum sentence required by section 794.011(2), is grossly disproportionate and excessive punishment for the offense.
In Coker v. Georgia, supra, [433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982] the U.S. Supreme Court held that the sentence of death for the crime of rape of an adult woman was grossly disproportionate and excessive punishment forbidden by the eighth Amendment. Justice White writing for the majority stated:
Rape is without a doubt deserving of serious punishment; but in terms of moral depravity and of the injury to the person and to the public, it does not compare with murder, which does involve the unjustified taking of human life. Although it may be accompanied by another crime, rape by definition *1365 does not include the death of or even the serious injury to another person. The murderer kills; the rapist, if no more than that, does not. Life is over for the victim of the murderer; for the rape victim, life may not be nearly so happy as it was, but is not over and normally is not beyond repair.

Id. at 598, 97 S.Ct. at 2869 [footnote omitted].
In the words of Justice White, rape does not compare with murder. The punishment is as great as the minimum for first degree murder. This statute has now equated the rape of an (sic) minor under the age of 12 with murder and for this reason it is grossly disproportionate and excessive. While rape or sexual battery has historically been perceived as less reprehensive than murder, it is indisputably a grave crime deserving stringent punishment. But the sentence imposed upon Appellant for the offense he was convicted of is so extremely harsh and disproportionate that it is the essence of cruel and unusual punishment. This extremely harsh and cruel penalty based on the gravity of Appellant's offense is significantly disproportionate to Appellant's crime and is therefore prohibited by the eighth Amendment.
In Banks v. State, 342 So.2d 469 (Fla. 1977), the supreme court held that it was not cruel and unusual punishment for a person convicted of sexual battery of a person 11 years old or younger to be sentenced to life imprisonment without eligibility of parole for at least 25 years:
We find that the imposition of a life sentence with a minimum 25 years imprisonment prior to eligibility for parole as required by legislative enactment  Section 775.082(1) and Section 794.011(2), Florida Statutes, upon appellant does not amount to cruel and unusual punishment. However, we feel constrained to point out that the totality of the circumstances, particularly in view of the psychiatric reports, indicate that a re-evaluation of the sentence may be in order; but this Court has long been committed to the proposition that if the sentence is within the limits prescribed by the Legislature, we have no jurisdiction to interfere. Therefore, any request for consideration of that question would be properly lodged with the Governor under Section 8, Art. IV, Florida Constitution.
342 So.2d at 470.
For the reasons set out above, we affirm the final judgment and sentence.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.
NOTES
[1] Section 794.011(2) reads in part:

A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony, punishable as provided in ss. 775.082 and 921.141.