604 So.2d 1239 (1992)
Dewitt Henry BAKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-56.
District Court of Appeal of Florida, Third District.
August 18, 1992.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy Ginsberg Shanock, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
FERGUSON, Judge.
Baker appeals a conviction for capital sexual battery on a nine-year-old child. He asserts four grounds as reversible error  none of which are preserved for review by a specific and contemporaneous objection. We will not review those alleged errors because they are not fundamental in nature. Castor v. State, 365 So.2d 701 (Fla. 1978).
We address Baker's contention that he should not have been sentenced under the capital offender provision of the sexual battery statute because he was not charged as a capital offender  which requires an allegation that the offender is eighteen years or older  and the jury did not find that he was over the age of eighteen. The point is reviewable as fundamental error. See *1240 Henderson v. State, 155 Fla. 487, 20 So.2d 649 (1945) (taking from jury its obligation to determine any element of the offense is denial of due process); Williams v. State, 366 So.2d 817 (Fla. 3d DCA) (jury failure to make finding as to each element of offense not harmless error), cert. denied, 375 So.2d 912 (Fla. 1979).
Section 794.011(2), Florida Statutes (1991), which Baker is alleged to have violated, provides:
A person 18 years of age or older who commits sexual battery upon, or injures the sexual organs of, a person less than 12 years of age in an attempt to commit sexual battery upon such person commits a capital felony... . If the offender is under the age of 18, that person is guilty of a life felony.
Omitting the age of the defendant in the charging document the State alleged:
... DEWITT HENRY BAKER ... did unlawfully and feloniously commit sexual battery upon A.H., a person less than twelve (12) years of age, by penetrating the VAGINA of A.H. with FINGER(S) and/or THUMB ... in violation of 794.011(2), Florida Statutes.
Although the jury was instructed that it had to find that the defendant was age of eighteen or over in order to find him guilty of a capital felony,[1] the verdict form contained no provision for a finding as to the defendant's age. Instead the jury was permitted to, and found the defendant "Guilty" only of "Sexual Battery as charged in the Information."
Seeking to uphold the capital felony conviction, the State argues that under section 794.011 a person's age is relevant only to the means by which an offender should be punished and is not an element of the offense, relying on Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990). The case offers no support for sustaining the conviction as other than a life felony. There was no contention in Jesus that the information failed to allege a capital offense or that the jury failed to find that the defendant was eighteen years of age or older. Jesus's sole contention was "that the state improperly relied on his statement in establishing his age for purposes of section 794.011(2)." Id. at 1363. We hold that in the absence of either a specific allegation in the charging document, or a finding by the jury that the defendant is eighteen years of age or over,[2] a conviction for capital sexual battery cannot stand.[3]
Affirmed in part, reversed in part, and remanded with instructions to reduce the conviction to a life felony and to resentence the defendant accordingly.
NOTES
[1] On this point the court instructed the jury:

The punishment provided by law for Sexual Battery upon a person less than twelve years of age is greater depending upon the age of the defendant. Therefore, if you find the defendant guilty of Sexual Battery upon a person less than twelve years of age and you further find that at the time of the Sexual Battery the defendant was eighteen years of age or older, you should find him or her guilty of Sexual Battery upon a person less than twelve years of age by a person eighteen years of age or older.
If you find that the defendant was not eighteen years of age or older but did commit the Sexual Battery, you should find him or her guilty of Sexual Battery upon a person less than twelve years of age by a person under eighteen years of age.
[2] We note that in a capital sexual battery case argued the same day, Langston v. State, Case No. 91-2426, it was alleged in the information that the defendant was over the age of eighteen, and found specifically by the jury on the verdict form, by checking one of two boxes, that the defendant was over the age of eighteen. It is not necessary that the jury make a finding by special verdict that the defendant is eighteen years of age or older where a capital offense is specifically charged and proved. Because the statute charges in the same section, alternatively, a capital offense or a life felony, the pleading deficiency in this case was correctable by an interrogatory verdict which required the jury to make that finding.
[3] By our holding that the defendant's age, in a section 794.011(2) case, is a factor that must be pleaded or found by the jury in a special verdict, we unavoidably raise the factor to the level of an element, in disagreement with Jesus. The substantial difference in the offenses, for purpose of sentencing, is a mandatory minimum twenty-five years versus no minimum period of incarceration.