PER CURIAM.
James McMillan appeals from the summary denial of his motion for postconviction relief. We affirm.
In 1993, McMillan pled nolo contendere to charges of sexual battery and burglary. In exchange for his plea, he was sentenced to community control. In 1994, defendant violated the terms of his community control and was sentenced to fifteen years in prison. He filed a motion for postconviction relief, arguing that the court which accepted his initial plea was precluded, under section 948.01(10), Florida Statutes (1991), from placing him on community control. He sought release on the basis that his community control — precluded by statute — could not be revoked, as it had been imposed unlawfully. We reject his claim.
McMillan accepted the terms of an extremely beneficial plea agreement, and could not live up to those generous terms. He is now estopped from challenging that agreement.
[Ojur courts have held that sentences and other judicial actions which deviate from statutory and even constitutional requirements to the potential benefit of the defendant and to which he agreed may not be the subject of a successful challenge brought only after he has failed to carry any burden imposed upon him.
Madrigal v. State, 545 So.2d 392, 394 (Fla. 3d DCA 1989); see also King v. State, 373 So.2d 78, 79 (Fla. 3d DCA 1979)(‘We hold that the *1215 defendant has waived his right to question the legality of a probation, which he has enjoyed and violated.”), cert. denied, 383 So.2d 1197 (Fla.1980).
AFFIRMED.