755 So.2d 170 (2000)
Elvestre TOUSSAINT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-0492.
District Court of Appeal of Florida, Fourth District.
March 15, 2000.
Rehearing Denied April 20, 2000.
*171 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
This case involved the question of whether the amendment of an information to correct a clerical error that was brought to the attention of both the state and appellant by the court after the close of all of the evidence constitutes a violation of double jeopardy principles. We conclude that it does not and affirm.
The state's information charged as follows: "ELVESTRE TOUSSAINT, a person under eighteen years of age, did unlawfully commit sexual battery upon, ... T.R., a person less than twelve years of age ..., contrary to Florida Statute 794.011(2)(b)." (Emphasis added). At trial, the state established that appellant was 52 years old. Appellant made a general motion for a judgment of acquittal at the close of the state's case but it is apparent from the record that neither the state nor defense counsel noticed the fact that the information was in error as to the proper charge, namely a violation of section 794.011(2)(a), which crime is defined as a person over the age of 18 engaging in enumerated acts of sexual battery with a person under the age of twelve. As the court began to charge the jury, it noticed the discrepancy and called the lawyers to a sidebar conference. The state then orally moved to amend the information. The court granted the motion over the defense objection, reasoning that the defendant was not prejudiced by the amendment since defense counsel did not even notice the error and did not rely on it in his defense.
It is well settled that "the state may substantively amend an information during trial, even over the objection of the defendant, unless there is a showing of prejudice to the substantial rights of the defendant." State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989). See also Green v. *172 State, 728 So.2d 779, 780 (Fla. 4th DCA 1999)("the key to whether it is error to permit amendment during trial is whether the defendant is thereby prejudiced.... The common thread discernable in this line of cases is that the amendment is permissible when it merely clarifies some detail of the existing charge and could not reasonably have caused the defendant any prejudice")(emphasis added) (citations omitted). Although this court has held that a defendant may be prejudiced where the elements of the crime after the information is amended are "obviously different" from the crime charged in the original information, see Washington v. State, 378 So.2d 852, 853 (Fla. 4th DCA 1979), in this case the elements of the crime of sexual battery are the same under both statutes.
The issue in this case is whether the change of the age in the crime charged constitutes the charging of a different crime. We held in Jesus v. State, 565 So.2d 1361, 1363 (Fla. 4th DCA 1990), that "the offender's age is not an element of the crime of sexual battery. Section 794.011 refers to a person's age only in prescribing the means by which an offender should be punished." But see Baker v. State, 604 So.2d 1239, 1240 n. 3 (Fla. 3d DCA 1992). Since the age (and corresponding statute citation) was the only allegation changed in the amended information, it cannot be said that the amended complaint changed the "essential elements of the charged offense." Ingleton v. State, 700 So.2d 735, 739 (Fla. 5th DCA 1997), rev. denied, 717 So.2d 532 (Fla.1998). See also Budd v. State, 477 So.2d 52, 53 (Fla. 2d DCA 1985)(defendant not prejudiced where State was allowed to amend information in a sexual battery case to add defendant's age). Because the elements were the same, the amended information did not place appellant in double jeopardy.
Appellant also raises as an evidentiary error the admission of Williams rule evidence, contending that the other acts were not sufficiently similar to justify their admission. See Williams v. State, 110 So.2d 654 (Fla.1959). Although we find that the issue was preserved, we find no error in the admission of these prior incidents, both of which involved this same victim. See, e.g., Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Smith v. State, 538 So.2d 66 (Fla. 1st DCA 1989); Gibbs v. State, 394 So.2d 231 (Fla. 1st DCA 1981).
We find that the issue regarding the introduction of the victim's prior consistent statement to the police was unpreserved. However, there was no error in any event because the statement was properly admitted to refute the implied charge of recent fabrication. See Belcher v. State, 646 So.2d 231, 233 (Fla. 5th DCA 1994).
Finally, appellant contends that the trial court erred by not, sua sponte, holding a hearing to determine the victim's competency to testify as a witness against appellant. Appellant admits that "the law does not presently require a trial court to determine child witness competency on its own motion"; however, he requests that the court should have done so in this case because the victim was the only witness to testify that appellant sexually battered her.
As the state properly asserts, since appellant failed to object to the victim's testimony at trial, his challenge is not preserved for review on appeal. See Tillman v. State, 471 So.2d 32, 35 (Fla.1985). Indeed, the case law upon which appellant relies demonstrates that a determination of competency is not required unless it is at issue in the trial as a result of an objection by counsel. See, e.g., Z.P. v. State, 651 So.2d 213, 213 (Fla. 2d DCA 1995); Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA); Lloyd v. State, 524 So.2d 396, 399-400 (Fla.1988)(child's competency was placed in issue in all of these cases). Additionally, the record, on its face, reflects that the victim was competent to testify at trial.
*173 Because the victim's competency was never placed in issue in this case, the trial court did not err by failing sua sponte to hold a competency hearing on the victim's ability to testify at trial.
Affirmed.
SHAHOOD and GROSS, JJ., concur.