815 So.2d 698 (2002)
Bruce GLOVER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2462.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Rehearing Denied April 26, 2002.
*699 James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Glover was convicted of capital sexual battery. There is no dispute that the information charged Glover under the provisions of section 794.011(2)(a), Florida Statutes, by alleging that the victim was under twelve and the defendant was over eighteen. There is also no dispute that the jury specifically found defendant to have been over eighteen at the time of the offense. The problem, according to appellant, is that the court failed to instruct the jury that the age of the defendant was an element of the offense of capital sexual battery.[1] There appears to be a dispute among the courts on this issue. The Fourth District in Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990), held that the age of the defendant is only important in determining the punishment for the crime and is not itself an element of the offense. The Third District in Baker v. State, 604 So.2d 1239 (Fla. 3d DCA 1992), found the age of the defendant to be an element of capital sexual battery. This court held in D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999), that the age of the defendant is an essential element of capital sexual battery. Indeed, it seems that if the age of the victim (under twelve) is an element of the offense (and this is recognized by the Standard Jury Instruction on sexual battery of a victim under twelve which was given by the court in the instand case), then the age of the defendant, set out in the same section of the statute creating the offense, should also be.
But even though the court's instruction (the Standard Jury Instruction) appears to be in error by not listing the age of the defendant as an element of the offense, we find such error, if it exists, to be harmless under the facts of this case. The court instructed the jury:
I'm going to define for you the elements that apply to both sexual battery, victim less than twelve years of age and battery.
As to Count I, before you can find the Defendant guilty of sexual battery upon a person less than twelve years of age, the State must prove the following two elements beyond a reasonable doubt: [the victim] was less than twelve years of age, as alleged, nine years of age. Element two: [the Defendant committed an act of sexual battery on the victim.] The punishment provided by law for the offense of sexual battery upon a person less than twelve years of age is greater depending upon the age of the Defendant.
Therefore, if you find the Defendant guilty of sexual battery upon a person less than twelve years of age, and you find at the time of the sexual battery, *700 the Defendant was eighteen years of age or older, you should find him guilty of sexual battery upon a person less than twelve years of age by a person eighteen years of age or older.
If you find the Defendant was not eighteen years of age or older, but did commit the sexual battery, you should find him guilty only of sexual battery upon a person less than twelve years of age by a person under eighteen years of age.
Even though the above instruction does not label the defendant's age as an element, it clearly advises the jury that it must find the defendant to be eighteen or older before it can convict of the main charge. And even though the instruction does not specifically tell the jury that it must make this determination beyond a reasonable doubt, it certainly implies it. And under the facts of this case, the jury could not reasonably have found defendant to have been less than eighteen. For several days they viewed this thirty-seven year old defendant sitting in the court room. Further, defendant's booking admission that he was born in 1964 was admitted in evidence, and there was no evidence to the contrary. Under all the circumstances of this case, we find the instruction as given was not prejudicial and did not result in a miscarriage of justice.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.
NOTES
[1] We find no merit to appellant's other contentions.