846 So.2d 565 (2003)
Pitston DESBONNES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-568.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
Rehearing Denied June 9, 2003.
Virginia Stow, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna L. Eng, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Desbonnes' conviction and sentence on counts of lewd and lascivious battery and lewd and lascivious molestation. Desbonnes seeks a new trial on grounds that the lewd and lascivious molestation jury instruction was erroneous.
The record reflects evidence that the victim, E.B., was twelve years old and that Desbonnes was over eighteen years old. Two witnesses testified to the date of Desbonnes' *566 birth and there was no contrary evidence.
The jury instruction challenged on appeal was:
Before you can find the defendant guilty of lewd or lascivious molestation, the State must prove the following two elements beyond a reasonable doubt.
1) [E.B.] was 12 years of age or older, but less than 16 years of age.
2) Pitston Desbonnes intentionally touched in a lewd or lascivious manner the breast or clothing covering them of [E.B.]
The punishment provided by law for lewd or lascivious molestation is greater depending upon the age of the defendant.
If you find the defendant guilty of lewd or lascivious molestation and further find that at the time of the lewd or lascivious molestation the defendant was 18 years of age or older, you should find him guilty of lewd or lascivious molestation by a person of 18 years or older.
If you find that the defendant is not 18 years or older, but did commit the lewd or lascivious molestation, you should find the defendant guilty of lewd or molestation of a person under 18 years.
The standard jury instruction, which the trial court tracked in giving this instruction, does not identify the age of the defendant as an element of the crime. Desbonnes objected to the instruction given, arguing that age of the defendant was an element of the offense and that he did not want the jury to have an option of finding him guilty of the "lesser" offense of commission by a person under eighteen years. He also asserted that the state had failed to prove beyond a reasonable doubt that he was over 18 years old.
We affirm on the authority of Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990), where the structure and language of the statute in Jesus is compellingly analogous to section 800.04(5) governing lewd or lascivious molestation. See also Toussaint v. State, 755 So.2d 170 (Fla. 4th DCA 2000). In Jesus, the defendant was convicted of capital sexual battery of a child under section 794.011, Florida Statutes. Section 794.011(1)(h) defines sexual battery. Section 794.011(2)(a) goes on to state that "[a] person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 92.141."
The defendant, in Jesus, argued that the state failed to present a sufficient corpus delicti in relying on his own statement to establish his age. The trial court ruled that the defendant's age was not an element of the crime of sexual battery but was a factor to consider as part of the sentence of that crime. Id. This court affirmed. Id. at 1362.
As in both Jesus and Toussaint, the age of the defendant is not an element of the crime of lewd or lascivious molestation. Section 800.04(5), governing lewd or lascivious molestation, is structured similarly to section 794.011. Subsection (5)(a) provides the definition of lewd or lascivious molestation. Then subsection (c)2 provides that "[a]n offender 18 years of age or older who commits lewd or lascivious molestation against a victim 12 years of age or older but less than 16 years of age commits a felony of the second degree punishable as provided in s. 775.082, s. 775.083, or s. 775.084." The structure and language of the statute before us and the statute in Jesus, are virtually identical. Therefore, the jury was properly instructed, notwithstanding that the defendant's age was not specified to be an "element" of the crime. But cf. D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999)(holding *567 that age is an element of sexual battery); Baker v. State, 604 So.2d 1239, 1240 n. 3 (Fla. 3d DCA 1992)(disagreeing with Jesus and holding that age is an element of sexual battery).
Any error in the instruction in this case would be harmless in light of the uncontested evidence. See Glover v. State, 815 So.2d 698 (Fla. 5th DCA 2002)(holding that it was harmless error to fail to instruct that age was element of crime of sexual battery where jury was instructed that it must find defendant to be eighteen or older before it can convict).
We also reject Desbonnes' argument that he is entitled to a new trial pursuant to Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), or Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), where the Supreme Court recognized that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt. Id. at 490, 120 S.Ct. 2348. Desbonnes failed to raise any argument as to Apprendi at trial or in the motion for new trial. Failure to argue such grounds leaves the argument unpreserved for appeal. See Marshall v. State, 789 So.2d 969 (Fla.2001); Tillman v. State, 471 So.2d 32 (Fla.1985). In any event, even were the argument preserved, given the jury's verdict, relief under Apprendi would not be warranted.
As to all other issues asserted, we also find no reversible error or abuse of discretion. We note conflict with Baker and D'Ambrosio on the issue of whether a jury must be specifically advised that defendant's age is an "element" of the offense.
WARNER and FARMER, JJ., concur.