863 So.2d 236 (2003)
Bruce W. GLOVER, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1064.
Supreme Court of Florida.
October 2, 2003.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, *237 Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, FL, for Respondent.
PER CURIAM.
We have for review Glover v. State, 815 So.2d 698 (Fla. 5th DCA 2002), which expressly and directly conflicts with Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the following reasons, we approve the decision in the instant case and disapprove the Fourth District Court of Appeal's decision in Jesus.

FACTS
In April 2000, Bruce Glover was charged with capital sexual battery under section 794.011(2)(a), Florida Statutes (1999). In the information, the State alleged that the victim was under twelve years of age and that Glover was over eighteen years of age. Glover was thirty-five years old at the time he committed the offense. During the trial, the parties did not dispute that Glover was over eighteen. Glover was ultimately convicted of capital sexual battery and sentenced to life imprisonment.
Glover appealed his conviction to the Fifth District Court of Appeal, arguing that his conviction was invalid because the trial court did not specifically instruct the jury that the age of the defendant was an element of the offense of capital sexual battery that must be proven beyond a reasonable doubt. The district court agreed and held that age is in fact an element of capital sexual battery.
Indeed, it seems that if the age of the victim (under twelve) is an element of the offense (and this is recognized by the Standard Jury Instruction on sexual battery of a victim under twelve which was given by the court in the instant case), then the age of the defendant, set out in the same section of the statute creating the offense, should also be.
Glover, 815 So.2d at 699. In so holding, the district court noted that its holding was consistent with the decisions in Baker v. State, 604 So.2d 1239 (Fla. 3d DCA 1992), and D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999). The court, however, recognized conflict with the Fourth District Court of Appeal's decision in Jesus.
Although the Fifth District held that age is an element of the crime of sexual battery, the court concluded that any error in the trial court's instruction was harmless in this case. The district court reasoned that even though the trial court did not label Glover's age as an element, it clearly advised the jury that Glover had to be over eighteen to be convicted of the main charge. The court stated that under the facts of this case, "the jury could not reasonably have found [Glover] to have been less than eighteen. For several days, they viewed this thirty-seven year old defendant sitting in the court room. Further, [Glover's] booking admission that he was born in 1964 was admitted into evidence, and there was no evidence to the contrary." Glover, 815 So.2d at 700. The court therefore upheld Glover's conviction.
Glover sought review of the Fifth District's decision in this Court, alleging conflict with Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990), in which the Fourth District held that age is not an element of capital sexual battery. We granted jurisdiction on the basis of that conflict.
We resolve the conflict between the opinions of the Fifth District in this case and the Third District in Baker and the *238 opinion of the Fourth District in Jesus by approving the Fifth District and Third District's holding that the age of the defendant is an element of capital sexual battery under section 794.011(2).
We approve the Fifth District's decision to affirm Glover's conviction in this case on the basis of Reed v. State, 837 So.2d 366 (Fla.2002). Glover's claim was based upon fundamental error in the standard jury instruction. Glover's age of over eighteen years was, however, not a disputed element.
We therefore approve the Fifth District's decision in this case and the Third District's decision in Baker to the extent those decisions are consistent with this opinion. We disapprove Jesus to the extent that decision is inconsistent with this opinion. We decline to address the remaining issues raised by Glover that are unrelated to the conflict issue.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.