933 So.2d 679 (2006)
Russell Owen INSKO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1221.
District Court of Appeal of Florida, Second District.
July 14, 2006.
*680 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Russell Insko appeals his judgment and sentence for lewd or lascivious conduct. We affirm.
Insko was tried by jury on the charge of lewd or lascivious conduct by a person over eighteen on a person under sixteen pursuant to section 800.04(6)(a)(2) and (b), Florida Statutes (2001). The jury returned a verdict of guilty but also found *681 Insko to be under eighteen years of age.[1] Insko appealed, alleging that the trial court erred in allowing evidence related to prior bad acts to be submitted to the jury. This court agreed, reversed the judgment and sentence, and remanded the matter for new trial. Insko v. State, 884 So.2d 312 (Fla. 2d DCA 2004).
On remand, Insko moved to dismiss the charge, arguing that the State could not prosecute the original charge because the jury had acquitted him of the offense of lewd or lascivious act by a person eighteen or older on a person under sixteen. Insko maintained that the only charge the State could prosecute at the new trial would be lewd or lascivious act by a person under eighteen on a person under sixteen. Since he was thirty-five years of age, he argued that the charge should be dismissed as the State could not prove each of the elements.
The trial court determined that the age of the accused was not an element of the offense, that the State could proceed to trial on the charge of lewd or lascivious act on a person under sixteen, and that if the jury returned a verdict of guilty, it would be limited to the sentence provided for in section 800.04(6)(c)the lesser punishment specified for an offender under the age of eighteen. Accordingly, the trial court denied Insko's motion to dismiss. Insko then entered a negotiated no contest plea, reserving his right to appeal the trial court's decision. The trial court found that the ruling on the motion to dismiss was dispositive.
Section 800.04(6)(a) defines lewd or lascivious conduct. Subsection (b) provides that if the offender is eighteen years or older, the offense is a second-degree felony punishable by a maximum sentence of fifteen years. Subsection (c) provides that if the offender is under eighteen, the offense is a third-degree felony with a maximum sentence of five years. Our reading of the wording and structure of the statute alone would lead us to conclude that the age of the offender is a sentencing consideration rather than an element of the offense itself. As such, a jury finding would be necessary to impose the more severe sentence. See Whalen v. State, 895 So.2d 1222 (Fla. 2d DCA 2005). In this case, because the jury at the original trial inexplicably found Insko to be under the age of eighteen, the trial court would be limited to the lesser sentence should Insko be convicted on retrial.
The instructions given to the jury at the first trial provided:
The punishment provided by law for the crime of lewd or lascivious conduct is greater depending on the age of the defendant. Therefore, if you find the defendant is guilty of lewd or lascivious conduct, you must determine by your verdict whether at the time of the offense: (a) the defendant was eighteen years of age or older; (b) the defendant was under the age of eighteen years.
The jury was then given the following verdict form:
We the jury, find as follows as to Count I of the charge: (check only one)
____A. The defendant is guilty of Lewd or Lascivious Conduct (Solicit) (defendant eighteen years of age or older) as charged.
____B. The defendant is guilty of Lewd or Lascivious Conduct (Solicit) (defendant under eighteen years of age).
____C. The defendant is guilty of Assault.
____D. The defendant is not guilty.
*682 The jury marked selection "B." Insko did not appeal this finding. The wording of the verdict form suggests that finding Insko to be under eighteen would make the conviction a lesser included offense; however, the jury instructions advised the jury that the only lesser included offense was assault.
Based on the instruction given to the jury and the verdict form, it appears that the jury did find Insko guilty of the offense as defined by section 800.04(6)(a) and then found Insko to be under eighteen, perhaps as a "jury pardon" or because the State failed to prove his age. See State v. Baker, 456 So.2d 419 (Fla.1984). However, why the jury did what it did is not determinative of the issue that we must resolve. Because we conclude that Insko's age is not an element of the crime but rather is a potential sentencing enhancement, the State may proceed on remand to again try Insko on the charge of lewd or lascivious conduct on a person under the age of sixteen.
This conclusion is supported by the finding of the Fourth District in Desbonnes v. State, 846 So.2d 565 (Fla. 4th DCA 2003). The appellant in that case also was charged with lewd or lascivious conduct by a person over eighteen on a person under sixteen. The trial court gave an instruction regarding the appellant's age that was identical to the one given in this case. At trial, the appellant had objected to the instruction and had asked that the jury not be given the option of finding him guilty of the "lesser" offense. On appeal, he argued that since the State had failed to prove his age and since the age of the offender was an element of the offense, his conviction should be reversed. He suggested that the trial court erred in giving the instruction and that the error resulted in his conviction.
The Fourth District determined that the age of the offender was not an element of the offense and affirmed the conviction. In doing so, the court cited Jesus v. State, 565 So.2d 1361 (Fla. 4th DCA 1990), in which the court determined that the age of the offender charged with sexual battery under section 794.011, Florida Statutes, was not an element of the offense but was a factor to consider when imposing sentence. The Desbonnes court reasoned by analogy that if such was the case for sexual battery, the same would be true for the age of the offender in a lewd or lascivious conduct prosecution.
We acknowledge the persuasive argument Insko makes on appeal that Desbonnes has implicitly been quashed by Glover v. State, 863 So.2d 236 (Fla.2003), where the Supreme Court of Florida quashed the Fourth District's decision in Jesus, 565 So.2d 1361, concluding that the age of the offender is an element of the offense in a sexual battery prosecution. Insko argues that, by analogy, the age of the offender also should be considered an element of the offense in the prosecution of a lewd or lascivious conduct charge. We disagree. Glover is distinguishable in that it is dealing with a different statute and does not specifically address the holding in Desbonnes.
Based on our plain reading of the statute, we choose to follow the determination made in Desbonnes, which concludes that the age of the offender is not an element of the offense of lewd or lascivious conduct. Accordingly, we affirm the trial court's denial of Insko's motion to dismiss. However, we certify the following question to the Supreme Court of Florida as one of great public importance:
IN LIGHT OF THE RULING IN GLOVER v. STATE, 863 So.2d 236 (Fla. 2003), IS THE AGE OF THE OFFENDER AN ELEMENT OF THE *683 OFFENSE OF LEWD OR LASCIVIOUS CONDUCT UNDER SECTION 800.04(6), FLORIDA STATUTES?
Affirmed; question certified.
CANADY, J., Concurs in majority opinion and in concurring opinion.
WALLACE, J., Concurs with opinion.
WALLACE, Judge, Concurring.
I concur fully in the majority opinion and the certification of the question. I write separately to outline two additional grounds upon which I believe Insko's judgment and sentence may be affirmed. First, Insko is estopped to argue that he may not be retried and convicted of the third-degree felony offense of lewd or lascivious conduct by a person less than eighteen years of age under section 800.04(6)(a)(2) and (c), Florida Statutes (2001). Second, the trial court properly denied Insko's motion to dismiss the charge because a dismissal of the charge would have been an improper deviation from the mandate in Insko's prior appeal. In that case, we reversed and remanded for a new trial. I will briefly discuss each of these issues.

ESTOPPEL
Following his initial conviction in the trial court, Insko did not challenge the jury's verdict on the ground that he could not be convicted of the third-degree felony offense of lewd or lascivious conduct because he was eighteen years of age or older at the time of the offense. On the contrary, Insko accepted the benefit of the verdict that limited his maximum sentence to five years instead of fifteen years. Likewise, Insko did not argue on his prior appeal that he could not be convicted of lewd or lascivious conduct by a person under eighteen years of age upon a person under sixteen years of age because he was actually eighteen years of age or older at the time of the offense. Instead, Insko argued that errors in the admission of evidence at his trial required a new trial. This court agreed, and we reversed Insko's conviction and remanded his case for a new trial as he requested. And of course, at a new trial, Insko could not properly be convicted of the second-degree felony offense of which he had previously been acquitted.
Under these circumstances, Insko is now estopped to assert that he may not be retried for the third-degree felony offense of lewd or lascivious conduct upon a person under sixteen years of age in violation of section 800.04(6)(a)(2) and (c). I concede that Inskowho was thirty-three years of age at the time of the incidentappears not to qualify for sentencing under the third-degree felony version of this offense. But the general principle of estoppel applied by the First District in McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971), is equally applicable here:
"The broad general rule that a party will not be allowed to maintain inconsistent positions is applied frequently with respect to positions in legal proceedings. Thus, the general rule is that a party cannot occupy inconsistent positions in the course of a litigation. It may be also laid down as a general proposition that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it is to the prejudice of the party who has acquiesced in the position taken by him."
Id. at 409-10 (quoting 12 Fla. Jur. Estoppel and Waiver § 51). This general principle of estoppel has been applied in other *684 criminal cases in analogous circumstances. See, e.g., Battles v. State, 919 So.2d 621 (Fla. 1st DCA 2006); McMillan v. State, 701 So.2d 1214 (Fla. 3d DCA 1997); McKee v. State, 450 So.2d 563 (Fla. 3d DCA 1984); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979).

THE REQUIREMENT THAT THE TRIAL COURT COMPLY WITH OUR MANDATE
The second additional ground upon which Insko's judgment and sentence may be affirmed stems from the requirement that the trial court comply with this court's mandate in Insko's first appeal. This court's mandate in Insko's prior appeal reversed his judgment and sentence and remanded for a new trial. After remand, Insko moved for the trial court to dismiss the charge instead of conducting a new trial. The circuit court was correct to deny Insko's motion because to grant the motion would have required it to deviate from our mandate.
The trial court's role in carrying out an appellate court's mandate is purely ministerial. See Rodriguez v. State, 924 So.2d 985, 986 (Fla. 2d DCA 2006) (citing Straley v. Frank, 650 So.2d 628, 628 (Fla. 2d DCA 1994)). Absent permission to do otherwise, "a trial court utterly lacks the power to deviate from the terms of an appellate mandate." Mendelson v. Mendelson, 341 So.2d 811, 813-14 (Fla. 2d DCA 1977). A trial court may not alter or evade a district court's mandate; instead, it must carry out the district court's command. See Russell v. State, 627 So.2d 576, 577 (Fla. 2d DCA 1993).
On Insko's first appeal, the mandate from this court did not reverse and remand with a general instruction for further proceedings. On the contrary, our remand instruction was specific and unambiguous. We directed the trial court to conduct a new trial. In light of our specific directive, the trial court would have had no authority to deviate from our mandate by dismissing the case. See Collins v. State, 680 So.2d 458, 459 (Fla. 1st DCA 1996). The requested dismissal of the charge against Insko was not based on any intervening eventse.g., the expiration of the time limit for speedy trialbut instead on circumstances that were known to the parties and this court at the time of Insko's first appeal.[2]Cf. Sales v. State Farm Fire & Cas. Co., 902 F.2d 933, 935 (11th Cir. 1990) (stating that mandate from appellate court ordering a new trial does not preclude the trial court from entering a summary judgment if all of the appropriate requirements are met); United States v. Curtis, 683 F.2d 769, 771-72 (3d Cir.) (holding that appellate court's decision on initial appeal reversing and remanding case for new trial was not law of the case that would bar trial court from dismissing indictment based on claim of double jeopardy where double jeopardy issue was not argued on first appeal), cert. denied, 459 U.S. 1018, 103 S.Ct. 379, 74 L.Ed.2d 512 (1982). Because the trial court lacked the authority to deviate from our mandate, it properly denied Insko's motion to dismiss the charge against him.

CONCLUSION
To summarize, Insko accepted without complaint the benefit of the fluke in the jury's verdict that limited his maximum *685 sentence to five years instead of fifteen years. He asked for a new trial, and this court granted his request. Under these circumstances, Insko must take "Yes" for an answer. Therefore, even if the offender's age is an element of the offense of lewd or lascivious conduct under section 800.04(6), Insko's judgment and sentence should still be affirmed.
NOTES
[1] Although there is some argument made as to whether the State properly proved Insko's age at the trial, the record before this court is silent as to this issue.
[2] In the opinion disposing of Insko's first appeal, Judge Northcutt specifically noted that Insko was charged with a second-degree felony under section 800.04(6)(a)(2) and (b) but was found guilty of a third-degree felony under section 800.04(6)(c). Insko v. State, 884 So.2d 312, 313 n. 1 (Fla. 2d DCA 2004). And Insko has obviously been aware at all relevant times of his age on the date of the offense.