LAWSON, J.
The State appeals an order dismissing the delinquency petition charging D.A. with lewd and lascivious molestation. The trial judge dismissed the petition pursuant to the juvenile speedy trial rule,[1] because the State amended the petition during the recapture period to correct an erroneous citation to section 800.04(5)(c)(2), Florida Statutes (which applies to a defendant 18 years of age or older). The amended petition correctly charged D.A. under section 800.04(5)(d), which applies to a defendant under the age of 18.[2] We reluctantly affirm, finding that the trial judge correctly applied binding precedent. However, we believe that the controlling case law makes little sense, and forces a result that is both unjust and unjustified by the purpose of the speedy trial rule. Therefore, we certify two questions to the Florida Supreme Court, in hopes that our State’s highest court will revisit the case law which we must follow. We also certify conflict with a recent decision from the Second District Court of Appeal, which certified one of the same questions we now certify.
*151 The precedent that dictated the trial court’s decision states that where the defendant has not waived the procedural “rights” created by Florida’s speedy trial rule, and the state files an amended information after expiration of the speedy trial period, upon proper motion the court must dismiss any new charge arising from the same criminal episode as the one charged in the original information. State v. Clifton, 905 So.2d 172, 178 (Fla. 5th DCA 2005); Pezzo v. State, 903 So.2d 960, 961 (Fla. 1st DCA 2005). This rule is simply an application of the rule created by our Supreme Court which prohibits the state from filing any charge based upon facts giving rise to the arrest after the 175th day (or, for the juvenile rule applicable here, the 90th day). State v. Williams, 791 So.2d 1088, 1091 (Fla.2001); see also, State v. Naveira, 873 So.2d 300, 305 (Fla.2004).[3]
In this case, D.A. did not waive his rights under the speedy trial rule, and the speedy trial period had expired. The case was set for trial during the recapture period, when the State noticed the error and sought to amend the petition. This is the type of error that could normally be corrected by amendment to the charging document during the trial, because the correction would not have prejudiced D.A.’s ability to address the merits of the State’s case in any way. See State v. Anderson, 537 So.2d 1373, 1375 (Fla.1989) (holding that the state may substantively amend an information during trial, over the defendant’s objection, absent a showing of prejudice to the defendant’s substantial rights); Budd v. State, 477 So.2d 52 (Fla. 2d DCA 1985) (allowing the state to amend its information at the close of the state’s case, to allege the defendant’s age, where there was no showing of prejudice).[4] So, D.A. could have had exactly what the speedy trial rule was designed to assure: A fair and timely trial on the merits. Ironically, under our precedent, D.A. was allowed to avoid his fair and timely trial by summoning the very rule that is supposed to assure him a fair and timely trial. Although illogical, and contrary to the intent of the speedy trial rule, this is the result required by Williams—so long as the trial judge was correct in his determination that the amended information charged a different (and, therefore, “new”) crime. We conclude that he was.
Our analysis begins with Toussaint v. State, 755 So.2d 170 (Fla. 4th DCA), rev. denied, 776 So.2d 277 (Fla.2000). In Toussaint, the state incorrectly charged a 52 year-old adult as a person under 18 years of age in an information alleging sexual battery against a child. When the state amended the information after the close of all evidence to correct the erroneous allegation regarding the defendant’s age (and the corresponding statutory citation), de *152 fendant objected on double jeopardy-grounds. The Fourth District concluded that there was no double jeopardy violation because the amended information, although citing to a different subsection of the sexual battery statute (and charging a different degree of felony with a different range of punishment), did not charge a new or different crime. In reaching this conclusion, the Fourth District relied upon its own precedent, which held that “the offender’s age is not an element of the crime of sexual battery,” but is merely used “in prescribing the means by which an offender should be punished.” Jesus v. State, 565 So.2d 1361, 1363 (Fla. 4th DCA 1990), disapproved by Glover v. State, 863 So.2d 236 (Fla.2003). The court reasoned that because “the age (and corresponding statute citation) was the only allegation changed in the amended information,” and age was not an element of the crime, “the elements were the same” in both informa-tions, and no new crime was charged. Toussaint, 755 So.2d at 172. Thereafter, a split developed among Florida’s district courts as to whether the age of the defendant was an element of the crime of sexual battery.
The Third and Fifth Districts held that the age of the defendant was an element of the offense of sexual battery. Baker v. State, 604 So.2d 1239 (Fla. 3d DCA 1992); Glover v. State, 815 So.2d 698 (Fla. 5th DCA 2002), aff'd, 863 So.2d 236 (Fla.2003). The Second District followed Jesus, and held that age was not an element. Winchester v. State, 639 So.2d 84 (Fla. 2d DCA 1994). As is already obvious from the preceding case citations, the Florida Supreme Court ultimately disapproved of the Fourth District’s analysis in Jesus and Toussaint, holding in Glover that the defendant’s age is an element of the charge of sexual battery. Glover, 863 So.2d at 238.
Prior to Glover, the Fourth District had also addressed the issue of whether age of the defendant is an element of the charge of lewd or lascivious molestation, the crime charged in this case. See Desbonnes v. State, 846 So.2d 565 (Fla. 4th DCA 2003). The Fourth District held that the age of the defendant was not an element of the crime. In so holding, the Court reasoned that because “the structure and language of the statute in Jesus is eompellingly analogous to section 800.04(5) governing lewd or lascivious molestation,” the reasoning and holding of Jesus should be applied. Id. at 566. Later in its opinion, the court correctly notes that the “structure and language of the statute before us [defining the crime of lewd or lascivious molestation] and the statute in Jesus [defining the crime of sexual battery], are virtually identical.” Id. However, when overturning Jesus, our Supreme Court did not expressly address Desbonnes. See Glover, 863 So.2d at 238.
Interestingly, the Second District recently elected to follow Desbonnes, holding that the age of the defendant is not an element of the charge of lewd or lascivious conduct. Insko v. State, 933 So.2d 679 (Fla. 2d DCA 2006). The court reasoned that because Glover dealt only with the crime of sexual battery, it did not apply. Id. While we agree with the Second District’s conclusion that under a “plain reading” of the statute, the age of the defendant is probably more properly viewed as a sentencing consideration, and not an element of the offense, we do not believe that Glover can be distinguished. The very reason that the Fourth District applied its analysis and holding from Jesus in Des-bonnes was that the two statutes are “virtually identical.” This being true, we believe that we are compelled by Glover to conclude that the age of the defendant is also an element of the crime of lewd or *153 lascivious molestation. Therefore, we certify conflict with Insko.
This conclusion also requires that we affirm the trial court’s order of dismissal. Because the age of the defendant is an element of the offense of lewd or lascivious molestation, the amended petition clearly charged a new offense. In the amended information, D.A. was charged under a separate subsection of the statute, with an offense that contained a different element, to a different degree of felony, with a different potential range of punishment. Our precedent, therefore, requires dismissal of the charge because it was added more than 90 days after D.A.’s initial arrest. See Clifton, 905 So.2d at 178; Williams, 791 So.2d at 1091. Again, we would welcome a reversal.
Consequently, we certify the following as questions of great public importance:
1. IN LIGHT OF THE RULING IN GLOVER v. STATE, 863 So.2d 236 (Fla.2008), IS THE AGE OF THE OFFENDER AN ELEMENT OF THE OFFENSE OF LEWD OR LASCIVIOUS OFFENSES UNDER SECTION 800.04, FLORIDA STATUTES?
2. IF SO, DOES WILLIAMS v. STATE, 791 So.2d 1088 (Fla.2001), REQUIRE DISMISSAL OF AN AMENDED DELINQUENCY PETITION, FILED AFTER EXPIRATION OF THE SPEEDY TRIAL PERIOD, WHICH CHANGED THE AGE OF THE OFFENDER?
AFFIRMED; CONFLICT CERTIFIED; QUESTIONS CERTIFIED.
THOMPSON and PALMER, JJ., concur.

. Florida Rule of Juvenile Procedure 8.090(a). In relevant part, rule 8.090 is substantively indistinguishable from the speedy trial rule found in Florida Rule of Criminal Procedure 3.191. Therefore, the analysis applied to one rule is equally applicable to the other. P.S. v. State, 658 So.2d 92, 93 n. 2 (Fla.1995) (holding "criminal speedy trial-rule 3.191-and rule 8.090 form continuum within which all aspects of speedy trial lie in neat relationship and are to be read as in pari materia”) (citing J.B. v. Korda, 436 So.2d 1109, 1110 (Fla. 4th DCA 1983)); see also, S.D. v. State, 924 So.2d 963 (Fla. 4th DCA 2006).

. Both the original petition and the amended petition correctly alleged D.A.’s date of birth as October 8, 1989 (making him 15 years old at the time of the alleged crime).

. Justices Wells and Bell have concluded that this judicially-created rule unnecessarily constrains the statute of limitations enacted by our Legislature. Bulgin v. State, 912 So.2d 307, 313-14 (Fla.2005), (Bell, J., concurring in result only) (Wells, J., dissenting). That is certainly the case here.

. During the hearing on D.A.’s motion for discharge, the trial court repeatedly asked defense counsel whether proceeding to trial on the amended petition would prejudice her client in any way. Counsel could not identify any prejudice. The last exchange on this point was as follows: The Court: “And so they've changed the elements, but does the change in elements in any way prejudice you — what you understood the case to be, the facts, the evidence that you were going to present?” Defense Counsel: “Your Honor— and I understand exactly what you’re asking, and I have nothing further to proffer at this time.” Defense counsel had proffered nothing prior to this exchange, other than the legal argument that case law mandated a discharge.