NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT G. MACKAY, )
                 )
        Appellant, )
                 )
v. )       Case No. 2D13-5347
                 )
STATE OF FLORIDA, )
                 )
        Appellee. )
_____ )

Opinion filed August 29, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Robert G. MacKay, pro se.

ALTENBERND, Judge.

        Robert G. Mackay appeals the summary denial of his petition for writ of
habeas corpus, which the postconviction court treated as a motion filed pursuant to
Florida Rule of Criminal Procedure 3.850. We write briefly to explain that the petition
would be meritless even if treated as a properly filed petition for habeas corpus.

        For an event that occurred sometime between late 1974 and mid-1975,
Mr. Mackay was convicted of capital sexual battery in 1987. He filed this petition in the
court of conviction in 2013. He claims he is entitled to release because the jury's verdict

did not find that he was over the age of eighteen even though that element was alleged in the information.

He is correct that the information alleged that he was over the age of eighteen and that this element was not a finding that the jury was required to make on the verdict form. But Mr. Mackay does not allege that he was under the age of eighteen at the time of this event. It appears that he was over the age of twenty at the time of this event. As explained in Glover v. State, 863 So. 2d 236 (Fla. 2003), the omission of this element, even from the jury instructions, is not fundamental error when the element is not in dispute. Mr. Mackay has alleged no claim of manifest injustice in his petition.

Affirmed.


SILBERMAN and VILLANTI, JJ., Concur.