IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 10, 2014

ROBERT G. MACKAY,                     )
                                      )
            Appellant,                )
                                      )
v.                                    )          Case No. 2D13-5347
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)

BY ORDER OF THE COURT:

            The Appellant's motion for rehearing is denied.  In order to address a new

matter raised in the motion for rehearing, we are withdrawing the prior opinion dated

August 29, 2014.  The attached opinion is issued in its place, which contains an

additional paragraph at the end.  No further motions for rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


JAMES BIRKHOLD, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT G. MACKAY,     )
            )
    Appellant,    )
            )
v.           )  Case No. 2D13-5347
            )
STATE OF FLORIDA,     )
            )
    Appellee.    )
            )
_____)

Opinion filed October 10, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Michael F. Andrews,
Judge.

Robert G. MacKay, pro se.


ALTENBERND, Judge.

    Robert G. Mackay appeals the summary denial of his petition for writ of habeas corpus, which the postconviction court treated as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.  We write briefly to explain that the petition would be meritless even if treated as a properly filed petition for habeas corpus.

    For an event that occurred sometime between late 1974 and mid-1975, Mr. Mackay was convicted of capital sexual battery in 1987.  He filed this petition in the court of conviction in 2013.  He claims he is entitled to release because the jury's verdict did not find that he was over the age of eighteen even though that element was alleged in the information.

He is correct that the information alleged that he was over the age of eighteen and that this element was not a finding that the jury was required to make on the verdict form. But Mr. Mackay does not allege that he was under the age of eighteen at the time of this event. It appears that he was over the age of twenty at the time of this event. As explained in Glover v. State, 863 So. 2d 236 (Fla. 2003), the omission of this element, even from the jury instructions, is not fundamental error when the element is not in dispute. Mr. Mackay has alleged no claim of manifest injustice in his petition.

In a motion for rehearing filed in this court, Mr. Mackay claims under oath that his date of birth is November 27, 1958, and that the State was mistaken in believing that his date of birth was November 27, 1953, when it prosecuted him in 1987. If his claim is true, he would have been sixteen at the time of the offense alleged in the information. Because he did not make this allegation in his petition to the postconviction court, we deny rehearing. If Mr. Mackay files another postconviction proceeding attaching a certified copy of his birth certificate demonstrating that he was born in 1958, the postconviction court should not treat that filing as a matter resolved by this appeal.

Affirmed.


SILBERMAN and VILLANTI, JJ., Concur.