884 So.2d 312 (2004)
Russell INSKO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1490.
District Court of Appeal of Florida, Second District.
August 27, 2004.
Rehearing Denied October 8, 2004.
*313 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Russell Insko of lewd and lascivious conduct for soliciting a person under sixteen years old.[1] He seeks a new trial, claiming error because the court permitted the State to introduce Williams[2] rule testimony about a similar incident involving another youth. We hold that the prejudicial effect of a portion of the challenged evidence outweighed any probative value it had in this case. See § 90.403, Fla. Stat. (2001). We reverse and remand for a new trial.
The victim in this case, J.S., testified that he and a few friends were fishing at a local lake when a two-toned, maroon car stopped near them. The car departed but drove by them several more times. The driver again stopped the car and called out "you boys are looking mighty fine today." Once more the car drove away but returned. The driver then asked if any of the boys wanted to receive oral sex. J.S. believed the man was serious, and that scared him. The driver never got out of the car and, at some point, left the area. J.S. told his parents what happened when he returned home.
J.S. then began to notice the car in his neighborhood. About three days after the incident at the lake, the car drove by him as he walked to his school bus stop. Several days later, J.S. and his mother observed the car in a church parking lot. They went into the church and J.S. recognized the man who had propositioned him. The church minister identified the man as Insko. The victim's mother relayed this information to the police, who eventually arrested Insko. When questioned, Insko admitted he had driven by the boys at the *314 lake, but he denied asking if anyone wanted oral sex.
The State's Williams rule evidence involved an encounter between Insko and a then-fifteen-year-old boy named Lewis. At the trial in this case, Lewis testified that in 1997 he was walking down a sidewalk when a man drove up and blocked his path. The man asked Lewis if he wanted oral sex but Lewis declined. As Lewis walked past the car, he noticed that the man was masturbating. Lewis obtained the car's license tag number and reported the event to the police. Officer Hall testified that she determined Insko was a suspect based on the license plate number and Lewis's identification of him from a photo-pak. Once arrested, Insko confessed. His confession tallied with Lewis's description of the incident, including the fact that he had been masturbating in his car. The jury in this prosecution heard the tape of the statement Insko made to the police in connection with the Lewis incident.
Insko allegedly committed the present crime in November 2001. Effective July 1, 2001,[3] the legislature amended section 90.404 to add the following provision:
In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
§ 90.404(2)(b)(1), Fla. Stat. (2001). Child molestation is defined as "conduct proscribed by s. 794.011 or s. 800.04 when committed against a person 16 years of age or younger." § 90.404(2)(b)(2). In this case Insko was charged under section 800.04(6)(a)(2) and (b) and the victim was thirteen at the time of the incident; thus section 90.404(2)(b) applies.
By enacting section 90.404(2)(b), the legislature intended to relax and simplify the rules concerning admissibility of Williams rule evidence in child molestation cases. See McLean v. State, 854 So.2d 796, 801 (Fla. 2d DCA 2003).[4] But even under this relaxed standard, the circuit court still must perform its gatekeeping function under section 90.403, that is, it must weigh the probative value of the evidence against its prejudicial effect. See id. at 802; see also Fla. S. Comm. on Judiciary, CS for SB 2012 (2001) Staff Analysis 4 (Apr. 18, 2001) (on file with comm.) ("However the evidence would still be subject to the s. 90.403, F.S., scrutiny of weighing its probative value against its prejudicial effect."). The record in this case does not reveal whether the court made this required finding. The hearing was not transcribed and the court's written order did not address the probative value or prejudicial effect of the evidence. We have considered remanding to the circuit court, but in our review of the evidence we have discerned that a portion of it was so prejudicial that its admission was an abuse of discretion.
The State's notice of intent to rely on Williams rule evidence asserted that the evidence was relevant for the purpose of showing modus operandi, intent, identity,[5] and to rebut any defenses. Lewis's *315 and Officer Hall's testimony that Insko previously approached a fifteen-year old boy in a car and asked the boy if he wanted oral sex was probative evidence of modus operandi and intent. Cf. Williams v. State, 621 So.2d 413, 414 (Fla.1993) (stating that when the purpose of the evidence is to show a common plan or scheme, "it is generally the similarity between the charged offense and the other crime or act that gives the evidence probative value"). While the evidence was certainly prejudicial to Insko because it tended to suggest he committed the crime charged in this case, its probative value was not outweighed.
The evidence about Insko's masturbation, however, had minimal probative value. In this case, Insko was accused only of solicitation, not of committing any lewd acts in a child's presence. The victim testified that Insko was about ten feet away when he made the salacious inquiry. The masturbation evidence simply exposed Insko's bad character. As such, it should have been excluded. See id. at 416 (stating that other crime evidence is inadmissible when it is relevant to show nothing more than bad character or propensity to commit a crime).
We reverse and remand for a new trial. The Williams rule evidence concerning Insko's solicitation of Lewis may be admitted at the trial, but any evidence concerning Insko's masturbation during that incident must be excluded.
STRINGER and COVINGTON, JJ., concur.
NOTES
[1] The State charged Insko with a second-degree felony under section 800.04(6)(a)(2) and (b), Florida Statutes (2001), lewd and lascivious conduct by a defendant aged eighteen or above. The jurors found him guilty of the lesser-included third-degree felony of lewd and lascivious conduct by a defendant under the age of eighteen. § 800.04(6)(c).
[2] Williams v. State, 110 So.2d 654 (Fla.1959).
[3] Ch. 01-221, § 2, at 1939, Laws of Fla.
[4] In McLean we held section 90.404(2)(b) constitutional in cases where identity was not in dispute. That is the case here. Insko admitted to the investigating officer that he was at the lake, that he saw the boys fishing and drove by them several times. He does not dispute he was the man the victim saw. Instead, he contends that he did not ask if the victim wanted oral sex.
[5] As we have previously discussed, identity was not at issue in this case. Insko's written objection to the introduction of Williams rule evidence at trial conceded that "identity is not a material issue."