969 So.2d 992 (2007)
Russell Owen INSKO, Petitioner,
v.
STATE of Florida, Respondent.
No. SC06-1619.
Supreme Court of Florida.
September 20, 2007.
Rehearing Denied November 26, 2007.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public *994 Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief, and Susan D. Dunlevy, Assistant Attorneys General, Tampa, FL, for Respondent.
CANTERO, J.
We must decide whether, for purposes of a statute outlawing lewd or lascivious conduct, the defendant's age is an element of the crime or a potential sentencing enhancement. If age is an element of the crime, then it must be alleged in the indictment or information, proven at trial, and found by the jury. If it is a potential sentencing enhancement, then, after the jury's verdict on guilt, a judge may consider it in determining whether to enhance the sentence. The Second District Court of Appeal held that it was a potential sentencing enhancement, see Insko v. State, 933 So.2d 679 (Fla. 2d DCA 2006) (Insko II), but certified to us a question of great public importance. Id. at 682-83. We granted review to answer the question. See Insko v. State, 937 So.2d 122 (Fla. 2006). As we explain below, we hold that the age of the defendant is an element of the crime. Because we find that Insko waived the issue, however, we approve of the Second District's affirmance of the judgment in this case.

I. STATEMENT OF FACTS AND PROCEDURE
Insko was charged with lewd or lascivious conduct, in violation of section 800.04(6)(a)(2) and (b), Florida Statutes (2001). Under this provision, a person age eighteen or older who solicits a person under age sixteen to commit a lewd or lascivious act commits a second-degree felony punishable by up to fifteen years' imprisonment. The jury was instructed that the State had to prove two elements beyond a reasonable doubt: that the victim was under age sixteen and that Insko solicited the victim to commit a lewd or lascivious act. The court also instructed the jury as follows:
The punishment provided by law for the crime of lewd or lascivious conduct is greater depending on the age of the defendant. Therefore, if you find the defendant is guilty of lewd or lascivious conduct, you must determine by your verdict whether at the time of the offense: (a) the defendant was eighteen years of age or older; (b) the defendant was under the age of eighteen years.
The verdict form provided four alternatives: (1) guilty of Lewd or Lascivious Conduct (Solicit) (defendant eighteen years of age or older) as charged, a second-degree felony; (2) guilty of Lewd or Lascivious Conduct (Solicit) (defendant under eighteen years of age), a third-degree felony; (3) assault, a lesser-included offense Insko requested; and (4) not guilty. The jury chose the second alternative (defendant under eighteen years of age), and the court sentenced Insko to five years in prison.
Insko appealed, arguing that he was entitled to a new trial because the trial court allowed prejudicial evidence of prior bad acts. Insko v. State, 884 So.2d 312, 313-14 (Fla. 2d DCA 2004) (Insko I). The district court agreed and reversed for a new trial. Id. On remand, double jeopardy principles prevented a retrial for the offense of which Insko had been acquitted  lewd or lascivious conduct by a defendant at least eighteen years old. Before the retrial, Insko filed a motion to dismiss. Presenting a birth certificate showing that he was thirty-three years old at the time of the offense, Insko argued he could not be retried for the offense of which he had been convicted  lewd or lascivious conduct *995 by a defendant under eighteen. The trial court concluded, however, that the age of the defendant was a potential sentencing enhancement, not an element of the crime, and therefore the fact that he was thirty-three years old did not prevent a retrial. Insko entered a plea to the third-degree offense, reserving the right to appeal the issue.
On appeal, the Second District followed "the determination made in Desbonnes[ v. State, 846 So.2d 565 (Fla. 4th DCA 2003)], which concludes that the age of the offender is not an element of the offense of lewd or lascivious conduct." Insko II, 933 So.2d at 682-83. The court certified the following question as one of great public importance: "In light of the ruling in Glover v. State, 863 So.2d 236 (Fla.2003), is the age of the offender an element of the offense of lewd or lascivious conduct under section 800.04(6), Florida Statutes?"
Below, we first consider the certified question. We then address Insko's claim of entitlement to a discharge.

II. ELEMENT OR SENTENCING FACTOR?
In this case, we consider whether the age of the defendant is an element of the crime of lewd or lascivious conduct or a sentencing factor. In criminal law, whether a fact constitutes an element of a crime carries constitutional implications. Historically, the "elements of a crime" are the facts "`legally essential to the punishment to be inflicted.'" Harris v. United States, 536 U.S. 545, 561, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) (plurality opinion) (quoting United States v. Reese, 92 U.S. 214, 232, 23 L.Ed. 563 (1876) (Clifford, J., dissenting)). Thus, to apprise the accused of the specific charges against him, an information or indictment must contain all facts essential to the "offence intended to be punished." United States v. Carll, 105 U.S. 611, 612-13, 26 L.Ed. 1135 (1881) (noting that the indictment should "set forth all the elements necessary to constitute the offence intended to be punished"); State v. Dye, 346 So.2d 538, 541 (Fla.1977) ("An information must allege each of the essential elements of a crime to be valid."); Fla. R.Crim. P. 3.140(d)(1) ("Each count of an indictment or information on which the defendant is to be tried shall allege the essential facts constituting the offense charged."); see also Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) (stating that although the language of a statute may be sufficient to generally describe an offense, the indictment must contain the facts and circumstances of the specific offense charged). Further, the "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
Of course, the legislature has full authority to define the elements of a crime. See State v. Giorgetti, 868 So.2d 512, 516 (Fla.2004). In doing so, however, it "must still `act within any applicable constitutional constraints in defining criminal offenses.'" Id. (quoting Liparota v. United States, 471 U.S. 419, 424 n. 6, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985)). Thus, for example, the legislature may not evade these constitutional requirements by redefining elements and denominating them as "factors that bear solely on the extent of punishment." Mullaney v. Wilbur, 421 U.S. 684, 697-98, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (noting that the criminal law is "concerned not only with guilt or innocence in the abstract but also with the degree of criminal culpability" and finding unconstitutional Maine's requirement that *996 the defendant prove that a killing occurred in the heat of passion).
The issue of whether a particular fact is an element of the crime or a sentencing factor has been rendered somewhat academic after Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Before that case, as stated above, if a fact was an element of the crime, it had to be submitted to the jury and proven beyond a reasonable doubt. If it was a sentencing factor, however, a judge could determine the fact at sentencing. In Apprendi, the Court noted that "[a]ny possible distinction between an `element' of a felony offense and a `sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding." Apprendi, 530 U.S. at 478, 120 S.Ct. 2348 (footnote omitted). Based on American jurisprudence, the Court stated that "[t]he judge's role in sentencing is constrained at its outer limits by the facts alleged in the indictment and found by the jury," meaning that "facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition `elements' of a separate legal offense." Id. at 483 n. 10, 120 S.Ct. 2348. Rejecting New Jersey's argument that the finding under the statute in that case was a sentencing factor, the Court stated that the legislature's placement of the provision in its sentencing provisions was not determinative and noted that the effect of the "enhancement" was "to turn a second-degree offense into a first degree offense, under the State's own criminal code." Id. at 494, 120 S.Ct. 2348. Accordingly, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490, 120 S.Ct. 2348 (citing Jones v. United States, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)). Regarding facts that form the basis for sentencing a defendant, the Court warned that "when the term `sentence enhancement' is used to describe an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." Id. at 494 n. 19, 120 S.Ct. 2348. As a plurality of the Court later explained, "Read together, McMillan[v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986)] and Apprendi mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of the constitutional analysis." Harris, 536 U.S. at 567, 122 S.Ct. 2406.
The Court subsequently clarified that the "`statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).[1] The Court explained that "the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Id. at 303-04, 124 S.Ct. 2531; see also Ring v. Arizona, 536 U.S. 584, 605, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (noting that Arizona's argument based on the distinction between an offense's elements and sentencing *997 factors is rendered "untenable" by Apprendi's repeated instruction "that the characterization of a fact or circumstance as an `element' or a `sentencing factor' is not determinative of the question `who decides,' judge or jury").
In this case, the issue of the defendant's age was submitted to the jury. The jury had a choice between, among other things, finding the defendant guilty of lewd or lascivious conduct (defendant eighteen years of age or older) and lewd or lascivious conduct (defendant under eighteen years of age). Therefore, Apprendi is not implicated.
As we noted earlier, Apprendi renders moot most discussions of whether a particular fact is an element of the crime or a potential sentencing enhancement. Both must now be submitted to the jury and found beyond a reasonable doubt. Whether a fact is an element, however, remains important to whether it must be alleged in indictments and informations. And it is pertinent here  where a defendant must be retried after a conviction is reversed. Insko correctly notes, and the State does not dispute, that because the jury acquitted him of the greater crime  lewd or lascivious conduct on a person under sixteen by one eighteen or older  he cannot be retried for that crime. See, e.g., Brock v. State, 954 So.2d 87, 88 (Fla. 1st DCA 2007) (stating that "[b]y finding appellant guilty of the lesser-included offense of attempted sexual battery, the jury necessarily found appellant not guilty of the charged sexual battery," and "double jeopardy prohibits" the state again trying the defendant on the greater charge). On remand, the most Insko could be convicted of was lewd or lascivious conduct by a defendant under eighteen. Insko argues, however, that his age is an element of the offense that the State must prove at a retrial; and because the State cannot possibly prove that he was under eighteen years old  he was in fact thirty-three years old at the time of the crime  his case must be dismissed. We now address that issue.

III. THE CERTIFIED QUESTION
The certified question presents a pure legal issue. Therefore, our review is de novo. See, e.g., Kephart v. Hadi, 932 So.2d 1086, 1089 (Fla.2006) ("The interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review."), cert. denied, ___ U.S. ___, 127 S.Ct. 1268, 167 L.Ed.2d 92 (2007). The question asks, "In light of the ruling in Glover v. State, 863 So.2d 236 (Fla.2003), is the age of the offender an element of the offense of lewd or lascivious conduct under section 800.04(6), Florida Statutes?" In other words, is the age of the offender a fact essential to the specific statutory offense?
We first review the statute, and then compare it to the one we considered in Glover.
The statute at issue provides as follows in pertinent part:
(6) LEWD OR LASCIVIOUS CONDUCT. 
(a) A person who:
1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; or
2. Solicits a person under 16 years of age to commit a lewd or lascivious act commits lewd or lascivious conduct.
(b) An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(c) An offender less than 18 years of age who commits lewd or lascivious conduct commits a felony of the third degree, *998 punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 800.04(6), Fla. Stat. (2001).
Applying a plain language analysis, the Second District observed that paragraph (a) defines lewd or lascivious conduct and paragraphs (b) and (c) establish the offense level based on the defendant's age. The court concluded that "the wording and structure of the statute alone would lead us to conclude that the age of the offender is a sentencing consideration rather than an element of the offense itself." Insko II, 933 So.2d at 681. Our examination of the statute, however, leads us to the opposite conclusion.
We begin with paragraph (6)(a) of the statute, which defines "lewd or lascivious conduct." § 800.04(6)(a), Fla. Stat. (2001). That definition does not itself criminalize the conduct. To be sure, the paragraph states that the person engaging in the conduct "commits lewd or lascivious conduct." But it does not go further to provide that the conduct "is unlawful," see, e.g., § 810.13(4), Fla. Stat. (2005), or that the person who engages in the conduct "shall be guilty of," see, e.g., id. § 806.101, or "commits a felony," see, e.g., id. § 790.161(1). Standing alone, the definition "merely describe[s] some obnoxious behavior, leaving any reader assuming that it must be a crime, but never being actually told that it is." Jones, 526 U.S. at 233, 119 S.Ct. 1215.
Paragraphs (6)(b) and (c) of section 800.04 fill in the missing terms. Paragraph (6)(b) provides that "[a]n offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree." This sentence makes lewd or lascivious conduct a crime. The person engaging in the conduct "commits a felony." Paragraph (c) also makes lewd or lascivious conduct a crime. It provides that "an offender less than 18 years of age who commits lewd or lascivious conduct commits a felony of the third degree." Accordingly, paragraph (a) is, in a sense, incomplete without paragraph (b) or (c).
Paragraphs (b) and (c), however, are independent of each other. A person eighteen or older "commits a felony of the second degree," but a person under age eighteen "commits a felony of the third degree." In each paragraph, the legislature has made the conduct a crime and provided different penalties conditioned on an additional fact, the age of the defendant. This structure more than suggests that the defendant's age is an element of the crime, not a sentencing factor.
Further, we note that it is not uncommon for the age of the defendant to be an element of sexual offenses. In similar statutes, other states have held the defendant's age to be an element. See, e.g., Staton v. State, 853 N.E.2d 470, 471, 472 n. 1 (Ind.2006) (holding that the defendant's age was an element of the crime in a statute providing that a person at least eighteen years of age who, with a child at least fourteen years of age but less than sixteen years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony); State v. Watson, 900 So.2d 325, 331 (La.Ct.App.2005) (stating that the essential elements of the crime of molesting a juvenile include that "the accused was over the age of seventeen"); Robinson v. State, 904 So.2d 203, 206 (Miss.Ct.App.2005) (stating that, under a subsection providing that the victim be under the age of fourteen and the accused be twenty-four months older than the child, the age of the defendant is an element of sexual battery).
Florida courts also have found the defendant's age to be an element in such statutes. In considering a similar statute, we held that the age of the defendant was *999 an element of sexual battery. In Glover, the defendant was convicted of capital sexual battery. Like the statute here, that statute did not criminalize sexual battery within the definition. The statute defined sexual battery as "oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; however, sexual battery does not include an act done for a bona fide medical purpose." § 794.011(1)(h), Fla. Stat. (1999). The statute then declared sexual battery a crime in certain circumstances, including the following:
(2)(a) A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
(b) A person less than 18 years of age who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 794.011(2), Fla. Stat. (1999). The Fifth District held that because the victim's age was an element of the crime, "the age of the defendant, set out in the same section of the statute creating the offense, should also be." Glover v. State, 815 So.2d 698, 699 (Fla. 5th DCA 2002). We agreed. Glover, 863 So.2d at 238.
The State argues that the sexual battery statute is different because section 794.011(1)(h) does not make sexual battery a crime; only later subsections do so. The State contends that, in contrast, section 800.04(6) (that is, paragraphs (a), (b), and (c)) itself defines lewd or lascivious conduct and provides the punishment depending on the defendant's age. Stated a different way, the sexual battery statute makes sexual battery a crime only under certain enumerated circumstances, while under the statute in this case lewd or lascivious conduct is always a crime; the age of the defendant determines only the degree of the offense. While we understand the distinction, we disagree that it makes the defendant's age a sentencing factor instead of an element of the offense.
Section 800.04(6) is similar to the statute we considered in Glover: one paragraph defines the offense, while others make the conduct a crime and establish the degree of the crime. As we explained above, the definition of lewd or lascivious conduct does not make such conduct a crime. See § 800.04(6)(a), Fla. Stat. (2001). Paragraph (a) defines lewd or lascivious conduct for purposes of paragraphs (b) and (c). Similarly, paragraph (1)(h) of section 794.011 defines "sexual battery" for purposes of subsection (2)(a) and (b), which then criminalize the conduct and designate capital and life felonies depending on the defendant's and the victim's ages.
Comparing these statutes, other Florida courts have concluded that the age of the defendant is an element of lewd or lascivious conduct. In State v. D.A., 939 So.2d 149 (Fla. 5th DCA 2006), the Fifth District considered the question in the context of the lewd or lascivious molestation statute. See § 800.04(5), Fla. Stat. (2001). Section 800.04(5) is structured similarly to subsection (6). Paragraph (5)(a) describes the conduct of lewd or lascivious molestation and paragraphs (b), (c), and (d) criminalize the conduct and ascribe the classification and degree of the offense based on both the offender's age and the victim's age. Before our decision in Glover, the Fourth District had considered section 800.04(5) and held that the age of the offender was a sentencing factor. Desbonnes v. State, 846 So.2d 565, 566 (Fla. 4th DCA 2003). In *1000 D.A., however, the Fifth District concluded, based on Glover, that the age of the defendant was an element of lewd or lascivious molestation. The court commented on the Second District's decision in this case to follow Desbonnes:
While we agree with the Second District's conclusion that under a "plain reading" of the statute, the age of the defendant is probably more properly viewed as a sentencing consideration, and not an element of the offense, we do not believe that Glover can be distinguished. The very reason that the Fourth District applied its analysis and holding from Jesus[v. State, 565 So.2d 1361 (Fla. 4th DCA 1990)] in Desbonnes was that the two statutes are "virtually identical." This being true, we believe that we are compelled by Glover to conclude that the age of the defendant is also an element of the crime of lewd or lascivious molestation.
D.A., 939 So.2d at 152-53.[2]
The State's contention that the age of the defendant is not an element in subsection 800.04(6) fails to recognize the integral role the fact plays in defining the crime. As stated above, an element is a fact essential to the offense charged. This includes material facts necessary to determine the degree of the offense.
An example from a different statute is instructive. Section 812.014(1), Florida Statutes (2001), defines "theft." Subsection (2) provides various degrees and classifications of grand theft (and thus varying punishments), that are largely, though not exclusively, based on property value. If the property stolen is valued at $300 or more, grand theft is a felony of the third degree. Id. § 812.014(2)(c). Thus, in a prosecution for the crime of third-degree grand theft, one of the elements is the value of the items taken. See V.W. v. State, 870 So.2d 102, 103 (Fla. 2d DCA 2003) ("With certain exceptions not material here, one of the elements of grand theft of the third degree is that the value of the property stolen is $300 or more."); cf. Peoples v. State, 760 So.2d 1141, 1143 (Fla. 5th DCA 2000) (holding that proof of the value of a fire extinguisher was not required where the statute provided that the theft of "[a]ny fire extinguisher" was a third-degree grand theft). Accordingly, courts have held that where a timely motion or objection is raised that the evidence does not support the value required for the degree of the crime charged, a conviction for that specific theft offense cannot stand. See Pickett v. State, 839 So.2d 860, 862 (Fla. 2d DCA 2003) (reversing the trial court's denial of a motion for judgment of acquittal because the State failed to prove that the value of stolen property exceeded $300, and remanding for "entry of conviction and sentence for petit theft of the second degree"); see also Pena v. State, 901 So.2d 781, 785-86 (Fla.2005) (holding that the defendant's age was an element of first-degree murder by drug distribution, but that this was not a situation where the charge was totally unsupported by the evidence or "the State had to prove the value of items when such value was necessary to sustain a higher-grade offense"); State v. Rodriguez, 575 So.2d 1262, 1264 (Fla.1991) (holding that prior DUI convictions are an essential element of felony DUI); State v. Harris, 356 So.2d 315, 316 (Fla.1978) (stating that the statute's requirement of prior petit larceny convictions was an element of the offense raising the offense level from a second-degree misdemeanor to a third-degree felony).
*1001 The statute in this case is similar. That is, the age of the defendant under section 800.04(6) is necessary to the provision criminalizing the conduct and ascribing the degree of the crime. It is therefore an element of second- and third-degree felony lewd or lascivious conduct. Unless a defendant who commits lewd or lascivious conduct is at least eighteen years old at the time of the offense, he cannot be convicted of a second-degree felony. Thus, the definition of the crime is integrally linked to the defendant's age. In other words, to establish a second-degree felony, the State must prove that the defendant is at least eighteen years old. Otherwise, the crime is only a third-degree felony. Thus, under Glover the defendant's age is an element of the crime. In this statute, the defendant's age does not enhance a separately prescribed sentence; it determines the statutory maximum of the offense. The fact of the defendant's age functions this same way in the sexual battery statute.
Accordingly, we hold that the defendant's age is an element of the offense of lewd or lascivious conduct under section 800.04(6), Florida Statutes (2001).

IV. THE DEFENDANT'S WAIVER
Although we agree with Insko that a defendant's age is an element of the offense of lewd or lascivious conduct, we nevertheless conclude that he is entitled to no relief. Insko waived any claim to relief long before the retrial.
Under the contemporaneous objection rule, to preserve error for review a litigant must object at trial. This requirement is "based on practical necessity and basic fairness in the operation of a judicial system." Castor v. State, 365 So.2d 701, 703 (Fla.1978). The rule "not only affords trial judges the opportunity to address and possibly redress a claimed error, it also prevents counsel from allowing errors in the proceedings to go unchallenged and later using the error to a client's tactical advantage." F.B. v. State, 852 So.2d 226, 229 (Fla.2003).
Jury instructions are subject to the rule. State v. Delva, 575 So.2d 643, 644 (Fla.1991). Thus, unless fundamental error occurred, to obtain appellate review of a claimed error in instructing the jury, a party must have preserved the error by timely objection. Id. Both the erroneous omission of instruction on an uncontested element of an offense, id. at 645, and the erroneous inclusion of instruction on an element that "the State does not argue is present and about which it presents no evidence," must be preserved by contemporaneous objection. State v. Weaver, 957 So.2d 586, 588 (Fla.2007); see also Pena v. State, 901 So.2d 781, 784 (Fla.2005) (holding that the failure to instruct the jury that the defendant's age is an element of first-degree murder by drug distribution was not fundamental, and noting that the element was undisputed and no timely objection was raised); Glover, 863 So.2d at 238 (holding that the defendant's age is an element of capital sexual battery, but affirming the conviction because the failure to so instruct the jury was not fundamental where the element was undisputed). So, too, must almost all claims that the evidence was insufficient. F.B., 852 So.2d at 230.
As noted earlier, the verdict form in this case gave the jury several options: it could find Insko guilty of lewd or lascivious conduct by a person age eighteen or older, a second-degree felony; it could find Insko guilty of the lesser crime of lewd or lascivious conduct by a defendant less than eighteen, a third-degree felony; it could find Insko guilty of simple assault, a misdemeanor; or it could acquit Insko altogether. Although it was apparently obvious *1002 that Insko was eighteen or older (he was thirty-four years old at the time of the trial), the jury exercised its pardon power and found him guilty of only the third-degree felony, reducing the maximum possible prison term from fifteen years to five.[3]
At the original trial, the defendant reviewed the jury instructions, which included an instruction on lewd or lascivious conduct by a defendant under age eighteen. He also reviewed the verdict form providing this alternative. He specifically stated that he did not object to them. He also did not object when the court instructed the jury on the lesser felony and did not object when the jury found him guilty of the lesser crime. Nor, on appeal, did he raise any argument about his age and the offense of which the jury found him guilty. See Insko I, 884 So.2d at 313; Insko II, 933 So.2d at 683 (Wallace, J., concurring) ("Following his initial conviction in the trial court, Insko did not challenge the jury's verdict on the ground that he could not be convicted of the third-degree felony offense of lewd or lascivious conduct because he was eighteen years of age or older at the time of the offense."). In any event, such an argument would have had little chance of success. See Jones v. State, 492 So.2d 1124, 1126 (Fla. 3d DCA 1986) (stating, in response to the defendant's argument he could not be retried for attempt because the evidence showed a completed burglary, that "[a]n accused who is convicted of an attempt as the lesser of a charged offense will not be heard to complain that he should be set free merely because the evidence shows that he was guilty of the greater offense").
Instead, Insko raised this claim for the first time after the Second District reversed his conviction on other grounds and remanded for a new trial. We recently held that a similar argument was waived in the context of a theft claim where the State failed to prove the amount stolen. In F.B. v. State, the defendant had been adjudicated delinquent for petit theft of items valued between $100 and $300. F.B., 852 So.2d at 227. The State presented evidence of the items stolen, but not about their value. Id. The defendant did not object. Instead, he claimed on appeal that the State's failure to prove an essential element of the crime was fundamental error. We held "that, with two exceptions, a defendant must preserve a claim of insufficiency of the evidence through timely challenge in the trial court." Id. at 230. The first exception is in death penalty cases, in which our review of the sufficiency of the evidence is required by rule; the second "occurs when the evidence is insufficient to show that a crime was committed at all." Id. Insko's case does not fall within either exception. He is not a death-sentenced prisoner, and the evidence is not insufficient to show that a crime was committed. Accordingly, Insko was required to object to preserve the error and, having failed to do so, waived it.

V. CONCLUSION
In light of the foregoing, we hold that the age of the defendant is an element of the offense of lewd or lascivious conduct under section 800.04(6). By failing to object to the instruction allowing the jury to find that he was under eighteen when he committed the offense, however, Insko waived the claim. We therefore approve the judgment below affirming Insko's conviction and sentence.
It is so ordered.
*1003 LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.
NOTES
[1] The Court distinguished indeterminate sentencing schemes and those that impose statutory minimum sentences because they do not involve imposition of a sentence greater than state law authorizes. Blakely, 542 U.S. at 304-05, 308-09, 124 S.Ct. 2531.
[2] In Glover, we disapproved of the Fourth District's decision in Jesus. Glover, 863 So.2d at 238.
[3] As we recently explained, the jury's "pardon power" is its ability to convict a defendant of a lesser offense despite evidence supporting the greater one. Sanders v. State, 946 So.2d 953, 957-58 (Fla.2006).