NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RUSSELL INSKO,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )        Case No. 2D15-2487
                                        )
STATE OF FLORIDA,                       )
                                        )
            Respondent.                 )
_____ )

Opinion filed December 30, 2015.

Petition for Writ of Habeas Corpus to the
Circuit Court for Hillsborough County;
Chet A. Tharpe, Judge.

Julianne M. Holt, Public Defender,
and Robert S. Mactavish, Assistant
Public Defender, Tampa, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marilyn Muir Beccue,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

        Russell Insko was committed under the Involuntary Civil Commitment of

Sexually Violent Predators Act (the Act) on August 5, 2008, following his no contest plea

to the charge of lewd and lascivious conduct for soliciting a person under sixteen years

old.  Mr. Insko appealed the order of involuntary civil commitment; his appellate counsel

filed an Anders[1] brief; and this court affirmed. In re Commitment of Insko, 29 So. 3d 1127 (Fla. 2d DCA 2010) (table decision). In June 2015, he filed a petition for writ of prohibition, asking this court to prohibit the circuit court from continuing to deem him a sexually violent predator and contending that he is entitled to immediate release from the Florida Civil Commitment Center (FCCC) located in DeSoto County. He contends that the State did not initiate the commitment proceedings while he was in lawful custody, so the trial court lacked jurisdiction to adjudicate the civil commitment petition.

A writ of prohibition is preventive, not corrective, so it cannot be issued to reverse an order that is already entered, and it is not appropriate when the challenged proceedings have been completed. Sparkman v. McClure, 498 So. 2d 892, 895 (Fla. 1986). But the legality of Mr. Insko's continued detention under the Act is cognizable in a petition for writ of habeas corpus. See Bishop v. Sheldon, 68 So. 3d 259, 260-61 (Fla. 2d DCA 2010) (holding a petition for writ of habeas corpus is appropriate to challenge continued illegal detention under the Act based on a claim that the circuit court did not have jurisdiction because the committed person was not in lawful custody at the time that proceedings under the Act were commenced) (citing Murray v. Regier, 872 So. 2d 217, 223 (Fla. 2002)). Accordingly, we treat Mr. Insko's petition as a petition for writ of habeas corpus. See Fla. R. App. P. 9.040(c).

The facts before this court are not disputed. Mr. Insko was found guilty by a jury of lewd and lascivious conduct for soliciting a person under sixteen years old. He appealed, and this court held that the trial court erred in admitting certain evidence and remanded the case for a new trial. Insko v. State, 884 So. 2d 312 (Fla. 2d DCA 2004).

---

[1]Anders v. California, 386 U.S. 738 (1967).

Following remand, on February 14, 2005, Mr. Insko entered into a plea agreement to the criminal offense in exchange for a time-served sentence. To simplify the calculation, the trial court determined that it would sentence Mr. Insko to 3.2 years of imprisonment with credit for 458 days of jail time served, nunc pro tunc to February 20, 2003. The court explained to Mr. Insko that the sentence it intended to impose expired prior to that date: "You have done more than 3.2 years." The State raised no objection and, in fact, indicated its agreement to this sentence. Although Mr. Insko pleaded to a time-served sentence, he was not released that day. He was detained at the Hillsborough County Jail until February 15, 2005, at 7:58 p.m., when the State initiated commitment proceedings under section 394.9135(1) Florida Statutes (2004), by transferring him to the FCCC.

In Larimore v. State, 2 So. 3d 101, 117 (Fla. 2008), the supreme court held that the State must initiate commitment proceedings while the person to be committed is in lawful custody "in order for the circuit court to have jurisdiction to adjudicate the commitment petition." Id. In State v. Phillips, 119 So. 3d 1233, 1242 (Fla. 2013), the supreme court determined that the "lawful custody" requirement explained in Larimore requires the State to initiate commitment proceedings under section 394.9135(1) prior to the expiration of an incarcerative sentence.

> We hold that lawful custody under section 394.9135(1) requires the State to initiate commitment proceedings prior to the expiration of sentence date. When the anticipated release of a corrected sentence is imminent, the DOC may properly initiate the transfer of the individual to the custody of the DCF prior to the expiration of the individual's incarcerative sentence pursuant to section 394.9135(1). Conversely, if the State first initiates commitment proceedings under section 394.9135(1) after the actual expiration of sentence date—which was accelerated due to credit for time-served and/or an award of gain-

> time—the individual is not in lawful custody and the circuit court is
> without jurisdiction to adjudicate the commitment petition.

Phillips, 119 So. 3d at 1242; see also Morel v. State, 138 So. 3d 1122, 1126 (Fla. 4th DCA 2014) (holding that "no court in Florida had jurisdiction to allow the State to initiate civil commitment proceedings against Defendant on April 18 once the State entered into the agreement with Defendant on April 17 to reduce the sentence to 120 months, creating the situation where Defendant was then continuing to serve time on an *expired* sentence, *not* a sentence to expire *in the future*") (citing Phillips, 119 So. 3d at 1242)).

Mr. Insko was sentenced on February 14, 2005. The trial court suggested a sentence of 3.2 years with credit for time served, knowing that Mr. Insko had served more than 3.2 years, and the State agreed. Thus, without considering any gain time that Mr. Insko may have earned, the appendices provided by Mr. Insko in support of his petition reveal that his sentence expired approximately two weeks before the State initiated commitment proceedings. Under the law explained in Larimore and Phillips, Mr. Insko was not in lawful custody at the time the civil commitment petition was filed, and so the trial court lacked jurisdiction to consider the petition. Thus, we are compelled to grant the petition for writ of habeas corpus.

Accordingly, the petition for writ of habeas corpus is granted in circuit court case number 05-CA-1645. Mr. Insko shall be released from commitment imposed in that case.[2] See Alachua Reg'l Juvenile Det. Ctr. v. T.O., 684 So. 2d 814, 816 (Fla.

---

[2]Because this court converted Mr. Insko's petition for writ of prohibition to a petition for writ of habeas corpus, the Department of Children and Families was not a party to this proceeding. However, the FCCC is within this court's territorial jurisdiction, and this court expects that the Department will implement this court's direction as it would a discharge order from the circuit court.

1996) (holding that a district court of appeal may discharge a person if the court that entered the detention order was "without jurisdiction to do so").

Petition granted.

CASANUEVA, CRENSHAW, and LUCAS, JJ., Concur.